IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID HARBIN                                                                PLAINTIFF

VS.                                 CIVIL ACTION NO.4:07cv44-DPJ-JCS

DR. P. DUDLEY, COMMISSIONER
CHRISTOPHER B. EPPS, DIRECTOR
FAYE NOEL, WARDEN DALE CASKEY,
and MAJOR ROBERT MOREY                             DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

David Harbin is a state inmate housed at East Mississippi Correctional Facility (EMCF). All of Defendants except for Christopher B. Epps are employees of Geo Group, Inc., a private company which operates the prison; Defendant Epps is the Commissioner for the Mississippi Department of Corrections. Plaintiff brought this civil action pursuant to section 1983 alleging that his constitutional rights were violated when he was forcibly given monthly injections of Haldol, an antipsychotic drug, after he assaulted and severely injured a prison officer. He also claims that the conditions under which he was held in segregation following the assault constituted cruel and unusual punishment. The parties consented to jurisdiction by the undersigned, and the matter was tried without a jury. On the day before trial, Defendants filed a motion for summary judgment, arguing that this action should be dismissed because of Plaintiff's failure to exhaust his administrative remedies. Having considered the motion for summary judgment, the court concludes that Defendants are entitled to judgment as a matter of law.

In support of their motion, Defendants argue that the complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The

applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). Defendants have submitted the affidavit of M. Lee Carmichael, the Administrative Remedies Program (ARP) Coordinator at EMCF. According to Mr. Carmichael, Plaintiff has completed no ARP requests involving his allegations of compelled medication or the conditions of his confinement in lockdown. Furthermore, according to Mr. Carmichael, there is no pending ARP request filed by Plaintiff. Plaintiff did raise the issue of compelled medication in his request for a second step review of an ARP request wherein he had initially complained of being "victimized" by prison staff; however, he never completed the ARP process with regard to this request. Plaintiff has come forward with no evidence to dispute Mr. Carmichael's affidavit, nor has he offered any evidence or arguments indicating that he was in any way impeded from completing the ARP process or that any exception to the exhaustion requirement is applicable in this case.[1]

The court concludes that because Plaintiff has failed to meet the exhaustion

---

[1] A prisoner may be excused from exhausting his administrative remedies where "irregularities in the administrative process itself" prohibit him from doing so. *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990). Moreover, there is a "substantial effort exception" to the exhaustion requirement. *Rourke v. Thompson*, 11 F.3d 47, 51 n. 10 (5th Cir. 1993). Finally, an administrative remedy is inadequate where prison officials ignore or interfere with a prisoner's pursuit of relief. *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982), and available administrative remedies are deemed to be exhausted when the time limits for the prison's response set forth in its own grievance procedure rules have expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Underwood,* 151 F.3d at 295.

requirements of the PLRA, Defendants' motion should be granted and the Complaint dismissed without prejudice. A separate order of dismissal will be entered.

So ordered, this the 5th day of March, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE